| Date | Shares | Price | Total |
|---|---|---|---|
| 06/27/03 | 2,600 | $5.960 | $15,496.00 |
| 06/27/03 | 10,000 | $6.000 | $60,000.00 |
| 06/30/03 | 4,200 | $6.140 | $25,788.00 |
| 06/30/03 | 800 | $6.160 | $4,928.00 |
| 08/05/03 | 2,100 | $7.500 | $15,750.00 |
| 08/05/03 | 6,700 | $7.510 | $50,317.00 |
| 08/05/03 | 400 | $7.520 | $3,008.00 |
| 08/05/03 | 800 | $7.530 | $6,024.00 |
| 08/06/03 | 1,300 | $7.500 | $9,750.00 |
| 08/06/03 | 700 | $7.540 | $5,278.00 |
| 08/07/03 | 8,000 | $7.000 | $56,000.00 |
| 08/08/03 | 1,600 | $7.050 | $11,280.00 |
| 08/08/03 | 300 | $7.060 | $2,118.00 |
| 08/08/03 | 100 | $7.130 | $713.00 |
| 08/08/03 | 100 | $7.140 | $714.00 |
| 08/08/03 | 3,300 | $7.150 | $23,595.00 |
| 08/08/03 | 300 | $7.160 | $2,148.00 |
| 08/08/03 | 500 | $7.170 | $3,585.00 |
| 08/08/03 | 1,800 | $7.190 | $12,942.00 |
| 08/08/03 | 1,800 | $7.250 | $13,050.00 |
| 08/08/03 | 200 | $7.280 | $1,456.00 |
| 08/12/03 | 7,600 | $7.000 | $53,200.00 |
| 08/12/03 | 200 | $7.010 | $1,402.00 |
| 08/12/03 | 200 | $7.020 | $1,404.00 |
| 08/12/03 | 2,000 | $7.150 | $14,300.00 |
| 08/13/03 | 1,000 | $7.020 | $7,020.00 |
| 08/13/03 | 3,100 | $7.030 | $21,793.00 |
| 08/13/03 | 600 | $7.040 | $4,224.00 |
| 08/13/03 | 3,000 | $7.050 | $21,150.00 |
| 08/13/03 | 300 | $7.060 | $2,118.00 |
| 08/13/03 | 300 | $7.070 | $2,121.00 |
| 08/13/03 | 700 | $7.080 | $4,956.00 |
| 08/13/03 | 500 | $7.150 | $3,575.00 |
| 08/28/03 | 100,000 | $7.500 | $750,000.00 |
| **TOTALS** | 246,574 | | $1,594,762.10 |

43. Notwithstanding his duty to refrain from trading Biopure stock under these circumstances, or to disclose the insider information prior to trading, Rausch sold, prior to

17

disclosure of the material adverse facts described above, shares of Biopure stock at prices that had been artificially inflated by defendants' materially false representations and material omissions. Rausch's stock trades during the Class Period were unusual and suspicious in timing and amount, because they were cluster in the period when the Company was receiving undisclosed and materially negative feedback from the FDA, but before the FDA's position was made public.

**Private Placement**

44.  Defendants were also motivated to inflate the price of Biopure's common stock in order to sell over $17 million of stock in a private placement. On July 23, 2003, defendants announced that Biopure had raised $17.2 million in gross proceeds through the sale of 3,083,000 shares of its common stock at $5.58 per share (the "July 23, 2003 Press Release"). According to the July 23, 2003 Press Release, "The company intends to use the estimated net proceeds of approximately $16.2 million for general corporate purposes, including capital expenditures and to meet working capital needs."

## CLASS ACTION ALLEGATIONS

45.  Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class consisting of all persons or entities that purchased common stock or call options, or who sold put options of Biopure on the open market during the Class Period March 5, 2003 through December 24, 2003. Excluded from the Class are the defendants herein, members of their immediate families, any subsidiary, affiliate, or control person of any such person or entity, officers and directors of Biopure and the legal representatives, heirs, successors or assigns of any such excluded party.

18

46. The members of the Class are so numerous that the joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believes that there are, at a minimum, over one thousand members of the Class. During the Class Period, the Company reported that it had approximately 44,378,466 shares of its common stock outstanding. The holders of these shares are believed to be geographically dispersed throughout the United States. Biopure common stock is listed and actively traded on the NASDAQ National Market System, widely recognized as an efficient market. During the Class Period, millions of shares of Biopure common stock were traded.

47. Plaintiffs' claims are typical of the claims of the Class, as Plaintiffs purchased common shares of Biopure on the open market during the Class Period and sustained damages arising out of defendants' conduct in violation of federal law as complained of herein.

48. Plaintiffs will fairly and adequately protect the interests of the members of the Class, and have retained counsel competent and experienced in class action and securities litigation. Plaintiffs have no interests that are contrary to or in conflict with those of the Class they represent.

49. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class that predominate over any questions affecting individual members of the Class are:

    (i) whether defendants violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder;

    (ii)    whether defendants participated in and pursued the common course of conduct complained of herein;

    (iii)    whether documents, filings, releases and statements disseminated to the investing public, during the Class Period, omitted and/or misrepresented material facts about the Company;

    (iv)    whether the market price of Biopure's securities during the Class Period was artificially inflated due to the nondisclosures and/or misrepresentations complained of herein;

    (v)    whether defendants acted knowingly, willfully, or recklessly in omitting to state and/or misrepresenting material facts; and

    (vi)    whether the members of the Class have sustained damages and, if so, what is the proper measure of such damages.

50.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FRAUD ON THE MARKET PRESUMPTION

51.    Plaintiffs will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

    i)    defendants made public misrepresentations or failed to

    disclose material facts during the Class Period;

 ii) the omissions and misrepresentations were material;

 iii) the securities of the Company traded in an efficient market;

 iv) Biopure traded on the NASDAQ National Market System and was followed by analysts, including, ThinkEquity Partners. The price of Biopure's stock reflected the effect of news disseminated in the market;

 v) the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

 vi) Plaintiffs and members of the Class purchased their Biopure stock between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

52. Based upon the following, Plaintiffs and members of the Class are entitled to the presumption of reliance upon the integrity of the market.

## NO STATUTORY SAFE HARBOR

53. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the false statements pleaded in this Complaint, because none of the statements pleaded herein were identified as "forward-looking statements" when made. Nor did meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the statements accompany those statements. To the extent that the statutory safe harbor does apply to any statements pleaded herein deemed to be forward-looking, the defendants are liable for those false forward-looking statements, because at the time each of those statements was made the speaker actually knew the forward-looking statement was false and/or the statement was authorized and/or approved by an executive officer

21

of the Company, who actually knew that those statements were false when made.

## PLAINTIFFS' INVESTIGATION

54. Plaintiffs' information and belief are based upon, among other things, his and/or counsel's investigation, which included without limitation: (a) review and analysis of filings made by Biopure with the SEC; (b) review and analysis of press releases and other publications disseminated by certain of the defendants; (c) review of news articles and shareholder communications concerning Biopure; and (d) review of other publicly available information concerning Biopure. Plaintiffs believe that further substantial evidentiary support will exist for the allegations herein after a reasonable opportunity for discovery. Many of the facts supporting the allegations contained herein are known only to defendants or are within their control.

## COUNT I

## VIOLATIONS OF SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER AGAINST ALL DEFENDANTS

55. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

56. During the Class Period, defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were materially false and misleading in that they contained material misrepresentation and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

57. Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

    a.    Employed devices, schemes and artifices to defraud;

22

  b. Made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made not misleading; or

  c. Engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs and others similarly situated in connection with their purchases of Biopure publicly traded securities during the Class Period.

58. Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material facts and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Biopure's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

59. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Biopure as specified herein.

60. These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Biopure's value and performance and continued substantial growth, which included the making of, or the

participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Biopure and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of Biopure securities during the Class Period.

61. Defendants Moore's and Rausch's primary liability, and controlling person liability, arises from the following facts: (i) Moore and Rausch were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) by virtue of their responsibilities and activities as senior officers and/or directors of the Company were privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, studies, projections and/or reports; (iii) Moore and Rausch enjoyed significant personal contact and familiarity with other officers and directors and were advised of and had access to other members of the Company's management term, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) Moore and Rausch were aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

62. The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that he failed to ascertain and to disclose such facts, even though such facts were available to him. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and

for the purposes and effect of concealing Biopure's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by defendants' misstatements and omissions of the Company's business, operations and FDA applications throughout the Class Period, defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false and misleading.

63. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Biopure's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of Biopure's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendant, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Plaintiffs and the other members of the Class acquired Biopure securities during the Class Period at artificially high prices and were damaged thereby.

64. At the time of said misrepresentations and omissions, Plaintiffs and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiffs and the other members of the Class and the marketplace known the truth regarding the problems that Biopure was experiencing, which were not disclosed by defendants, Plaintiffs and other members of the Class would not have purchased or otherwise acquired their Biopure securities, or, if they had acquired such securities during the Class Period, they would not have done so at

25

the artificially inflated prices which they paid.

65. By virtue of the foregoing, defendants violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

66. As a direct and proximate result of defendants' wrongful conduct, Plaintiffs and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## COUNT II

### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT AGAINST THE INDIVIDUAL DEFENDANTS

67. Plaintiffs repeat and realleges each and every allegation contained in each of the foregoing paragraphs as if set forth fully herein.

68. The Individual Defendants, by virtue of their positions, stock ownership and specific acts described above, were, at the time of the wrongs alleged herein, controlling persons within the meaning of Section 20(a) of the Exchange Act.

69. The Individual Defendants had the power and influence and exercised the same to cause Biopure to engage in the illegal conduct and practices complained of herein.

70. By reason of the conduct alleged in Count I of the Complaint, the Individual Defendants are liable for the aforesaid wrongful conduct, and are liable to Plaintiffs and to the other members of the Class for the substantial damages which they suffered in connection with their purchases of Biopure securities during the Class Period.

### PRAYER FOR RELIEF

1. Determining that the instant action is a proper class action maintainable under

Rule 23 of the Federal Rules of Civil Procedure;

2. Awarding compensatory damages and/or rescission as appropriate against defendants, in favor of Plaintiffs and all members of the Class for damages sustained as a result of defendants' wrongdoing.

3. Awarding plaintiffs and members of the Class the costs and disbursements of this suit, including reasonable attorneys', accountants' and experts' fees; and

4. Awarding such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: January 9, 2004

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

_____
Jeffrey C. Block, BBO # 600747
Patrick T. Egan, BBO # 637477
One Liberty Square, 8th Floor
Boston, Massachusetts 02109
Tel: (617) 542-8300
Fax: (617) 542-1194

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Daniel L. Berger
Gerald H. Silk
1285 Avenue Of The Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATION

Israel Shurkin, Attorney-in-fact for Sharon Shurkin and duly empowered, hereby declares as to the claims asserted under the federal securities laws, that:

1. He has reviewed a complaint filed in this matter.

2. Sharon Shurkin did not purchase the common stock that is the subject of this action at the direction of her counsel or to participate in this private action.

3. Sharon Shurkin is willing to serve as a Lead Plaintiff and class representative on behalf of the Class, including providing testimony at deposition and trial, if necessary. Sharon Shurkin fully understands all of her duties and responsibilities as a Lead Plaintiff under the Private Securities Litigation Reform Act including its duties as to the selection of counsel and overseeing the prosecution of the action for the Class.

4. Sharon Shurkin's transactions in the common stock of Biopure Corp. that are the subject of these actions are in the chart attached hereto.

5. During the three years prior to the date of this Certification, Sharon Shurkin has not sought to serve as a representative party for a class under the federal securities laws.

6. Sharon Shurkin will not accept any payment for serving as a representative party on behalf of the class beyond her pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of January 2004.

_____
Israel Shurkin
Attorney-in-fact for Sharon Shurkin

80039.1

**Sharon Shurkin Transactions in Biopure Corp. (Stock)**
Class Period: 3/17/03 - 12/24/03

| Transaction | Date | Amount | Price |
|---|---|---|---|
| BUY | 10/20/2003 | 2,000 | $7.50 |
| SALE | 10/30/2003 | -55 | $4.07 |
| SALE | 10/30/2003 | -500 | $4.03 |
| SALE | 10/30/2003 | -1,445 | $4.00 |

Sharon Shurkin Transactions in Biopure Corp. Calls Expiring 1/17/04, Strike Price 10
Class Period: 3/17/03 - 12/24/03

| Transaction | Date | Amount | Price |
|---|---|---|---|
| BUY | 10/9/2003 | 50 | $0.45 |

## CERTIFICATION

Israel Shurkin hereby declares, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in this matter.

2. I did not purchase the common stock that is the subject of this action at the direction of my counsel or to participate in this private action.

3. I am willing to serve as a Lead Plaintiff and class representative on behalf of the Class, including providing testimony at deposition and trial, if necessary. I fully understand all of my duties and responsibilities as a Lead Plaintiff under the Private Securities Litigation Reform Act including its duties as to the selection of counsel and overseeing the prosecution of the action for the Class.

4. My transactions in the common stock of Biopure Corp. that are the subject of these actions are in the chart attached hereto.

5. During the three years prior to the date of this Certification, I have not sought to serve as a representative party for a class under the federal securities laws.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of January 2004

Israel Shurkin

80038 1

Israel Shurkin Transactions in Biopure Corp. Calls Expiring 1/17/04, Strike Price 10
Class Period: 3/17/03 - 12/24/03

| Transaction | Date | Amount | Price |
|---|---|---|---|
| BUY | 10/9/2003 | 10 | $0.40 |

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers a by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is re the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Israel Shurkin and Sharon Shurkin

**DEFENDANTS**
Biopure Corp., Thomas A. Moore and Carl W. Rausch

(b) County of Residence of First Listed Plaintiff: Kings Cty., NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Middlesex Cty., MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)
Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
1 Liberty Sq., Boston, MA 02109 (617) 542-8300

Attorneys (If Known)

**04-10055NG**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action arises under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t (a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. §240.10b-5.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☒ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE Hon. Nancy Gertner
DOCKET NUMBER 03-12628 NG

DATE: January 9, 2004
SIGNATURE OF ATTORNEY OF RECORD: Patrick J. Eg—

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Shurkin v. Biopure Corp.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   X    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright
              cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.                              04-10055NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Greene v. Biopure Corp., C.A. No. 03-12628 NG

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                           YES ☐       NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                           YES ☐       NO  X

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                           YES ☐       NO  ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                           YES ☐       NO  X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                           YES  X      NO  ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division   X       Central Division  ☐        Western Division  ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division   ☐       Central Division  ☐        Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                           YES ☐       NO  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Patrick T. Egan, Esq.
ADDRESS Berman DeValerio Pease Tabacco Burt & Pucillo, One Liberty Sq., Boston, MA 02109
TELEPHONE NO. (617)542-8300

(CategoryForm.wpd - 10/17/02)