# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN GREENE, on behalf herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 03-CV-12628 |
| v. | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS, Defendants. | |
| JOHN G. ESPOSITO, JR., D.D.S., on behalf himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 04-CV-10013 |
| v. | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS, Defendants. | |
| JOSEPH L. KING, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 04-CV-10038 |
| v. | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS, Defendants. | |

**[Additional Captions Follow on Next Page]**

Michael E. CRIDEN, on behalf himself
and all others similarly situated,

          Plaintiff,                   Civil Action No. 04-CV-10046

v.

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH and
RONALD F. RICHARDS,
          Defendants.

ISRAEL SHURKIN and SHARON
SHURKIN on behalf themselves and all
others similarly situated,

          Plaintiff,                   Civil Action No. 04-CV-10055

v.

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH and
RONALD F. RICHARDS,
          Defendants.

JAMES J. NIZZO and VIRGINIA C.
NIZZO, as JOINT TENANTS and CARLO
CILIBERTI, on behalf of themselves and
all others similarly situated,

          Plaintiff,                   Civil Action No. 04-CV-10065

v.

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH and
RONALD F. RICHARDS,
          Defendants.

**[Additional Captions Follow on Next Page]**

BARRY BROOKS, on behalf himself and
all others similarly situated,

        Plaintiff,                Civil Action No. 04-CV-10077

v.

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH and
RONALD F. RICHARDS,
        Defendants.

ANASTASIOS PERLEGIS, on behalf
himself and all others similarly situated,

        Plaintiff,                Civil Action No. 04-CV-10078

v.

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH and
RONALD F. RICHARDS,
        Defendants.

MARTIN WEBER, on behalf of himself
and all others similarly situated,

        Plaintiff,                Civil Action No. 04-CV-10090

v.

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH and
RONALD F. RICHARDS,
        Defendants.

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| BRUCE HAIMS, on behalf himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 04-10144 |
| v. | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS, Defendants. | |
| MODEL PARTNERS LIMITED, on behalf themselves and all others similarly situated, | |
| Plaintiff, | Civil Action No. 04-CV-10155 |
| v. | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS, Defendants. | |
| JUNE E. PATENAUDE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 04-CV-10179 |
| v. | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS, Defendants. | |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| NANCY L. PINCKNEY and GERTRUDE PINCKNEY, on behalf themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br>        Defendants. | Civil Action No. 04-CV-10189 |
| W. KENNETH JOHNSON, on behalf himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br>        Defendants. | Civil Action No. 04-CV-10190 |
| GREGORY KRUSZKA, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br>        Defendants. | Civil Action No. 04-CV-10202 |

**[PROPOSED] ORDER CONSOLIDATING RELATED CASES AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

Having considered the application by George Eliopoulos, Dale Self and Mark Mentz ("Lead Plaintiffs") to consolidate all cases, for appointment as lead plaintiff and to approve selection of lead and liaison counsel, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), and for good cause shown, the Court hereby enters the following Order:

I.      CONSOLIDATION

1.      Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Section 21D(a)(3)(B)(ii) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the above-captioned actions are hereby consolidated for all purposes into one action.

2.      These actions shall be referred to herein as the "Consolidated Actions."  This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Actions.

3.      Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re Biopure Corp. Securities Litigation | ) | |
| | ) | Civil Action No.  03-12628-NG |
| | ) | |

When a pleading is intended to apply to all actions, the words "All Actions" should be inserted in the caption.  When a pleading is intended to apply to fewer than all actions, the docket number of each individual action and the last name of the first named plaintiff shall be inserted in the caption.

4.     This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of this Consolidated Action.

## II.    MASTER DOCKET AND MASTER FILE

5.     A Master Docket and Master File shall be established for the Consolidated Actions.  The Master File shall be Civil Action No. 03-CV-12628.  All orders, pleadings, motions and other documents shall, when filed and docketed in the Master file, be deemed filed and docketed in each individual case to the extent applicable.  When an order, pleading motion or document is filed with a caption indicating that it is applicable to fewer than all of these consolidated actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

## III.    NEWLY-FILED OR TRANSFERRED ACTIONS

6.     When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

  a.     file a copy of this Order in the separate file for such action;

  b.     mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

  c.     make the appropriate entry in the docket for this action.

7.     Each new case which arises out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on

counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8.      During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

## IV.    APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL

9.      The Court hereby concludes that George Eliopoulos, Dale Self and Mark Mentz are the "most adequate plaintiff" and that it satisfies the requirements of Section 21D of the 1934 Act. The Court hereby appoints George Eliopoulos, Dale Self and Mark Mentz to be the Lead Plaintiffs in these consolidated securities class actions against Biopure Corporation and the other defendants and to represent the interests of the class.

10.     Lead Plaintiffs have selected the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel. The Court hereby approves Lead Plaintiffs' selection of lead counsel and appoints those firms Lead Counsel.

11.     Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

        a.      to coordinate the briefing and argument of any and all motions;

        b.      to coordinate the conduct of any and all discovery proceedings;

        c.      to coordinate the examination of any and all witnesses in depositions;

d.      to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.      to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.      to coordinate all settlement negotiations with counsel for defendants;

g.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h.      to coordinate the preparation and filings of all pleadings; and

i.      to supervise all other matters concerning the prosecution or resolution of the consolidated actions.

12.     No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of the Lead Counsel.

13.     With the assistance of Liaison Counsel, Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

14.     Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.  With the assistance of Liaison Counsel, Lead Counsel shall be the liaison between the Court and plaintiffs and their counsel.

15.     Defendants shall serve papers on plaintiffs by serving copies on Lead and Liaison Counsel by overnight delivery service, by facsimile and regular mail, or by hand delivery.  Plaintiffs shall serve papers on defendants by serving copies on defendants' counsel by overnight delivery service, by facsimile and regular mail, or by hand delivery.

**IT IS SO ORDERED.**

DATED: _____          _____
                             HON. NANCY GERTNER
                             UNITED STATES DISTRICT COURT JUDGE

Biopure/dp/LP_Order