UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN GREENE, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>Defendants. | CIVIL ACTION NO. 1:03-cv-12628-NG |

[Additional Captions Below]

**MEMORANDUM OF BILL MCCARDIE AND VINCENT RICCIO IN SUPPORT OF THEIR MOTION TO CONSOLIDATE THE ACTIONS, BE APPOINTED AS LEAD PLAINTIFFS AND APPROVE THEIR CHOICE OF LEAD COUNSEL**

00001840.WPD ; 1

| | |
|---|---|
| JOHN G. ESPOSITO, JR., On Behalf of Himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>               Defendants. | **CIVIL ACTION NO. 1:04-cv-10013-NG** |
| JOSEPH L. KING, On Behalf of Himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>               Defendants. | **CIVIL ACTION NO. 1:04-cv-10038-NG** |
| MICHAEL E. CRIDEN, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, and CARL W. RAUSCH,<br><br>               Defendants. | **CIVIL ACTION NO. 1:04-cv-10046-NG** |

00001840.WPD ; 1

| | |
|---|---|
| ISRAEL SHURKIN and SHARON SHURKIN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, and CARL W. RAUSCH,<br><br>                Defendants. | **CIVIL ACTION NO. 1:04-cv-10055-NG** |
| JAMES J. NIZZO, VIRGINIA C. NIZZO and CARLO CILIBERTI, On Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>                Defendants. | **CIVIL ACTION NO. 1:04-cv-10065-NG** |

| | |
|---|---|
| ANASTASIOS PERLEGIS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>    Defendants. | **CIVIL ACTION NO. 1:04-cv-10078-NG** |
| MARTIN WEBER, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>    Defendants. | **CIVIL ACTION NO. 1:04-cv-10090-NG** |
| BRUCE HAIMS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>    Defendants. | **CIVIL ACTION NO. 1:04-cv-10144-NG** |

| | |
|---|---|
| MODEL PARTNERS LIMITED, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>    Defendants. | **CIVIL ACTION NO. 1:04-cv-10155-NG** |
| JUNE E. PATENAUDE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>    Defendants. | **CIVIL ACTION NO. 1:04-cv-10179-NG** |
| NANCY L. PINCKNEY, and GERTRUDE PINCKNEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, and CARL W. RAUSCH,<br><br>    Defendants. | **CIVIL ACTION NO. 1:04-cv-10189-NG** |

00001840.WPD ; 1

| | |
|---|---|
| W. KENNETH JOHNSON, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>                v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>                Defendants. | **CIVIL ACTION NO. 1:04-cv-10190-NG** |
| GREGORY KRUSZKA, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>                v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>                Defendants. | **CIVIL ACTION NO. 1:04-cv-10202-NG** |

## PRELIMINARY STATEMENT

Presently pending before the Court are fourteen securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Biopure Corporation ("Biopure" or the "Company") during the period March 17, 2003 through and including December 24, 2003 (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated under Section 10(b), against defendants Biopure, Thomas A. Moore, Carl W. Rausch and Ronald F. Richards (collectively, the "Individual Defendants").

Class members Bill McCardie and Vincent Riccio (the "Movants") hereby move this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) consolidating the captioned actions for all purposes; (b) appointing Movants as lead plaintiffs in the Actions; and (c) approving Movants' selection of Bernstein Liebhard & Lifshitz, LLP ("Bernstein Liebhard") as lead counsel for the Class and Gilman and Pastor, LLP ("Gilman and Pastor") as liaison counsel for the Class.

During the Class Period, Bill McCardie purchased 14,000 Biopure shares and suffered losses of approximately $29,771.65. Vincent Riccio purchased 5,000 Biopure shares and suffered losses of approximately $22,044. Movants believes that their collective losses of $51,815.65 represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

Plaintiffs allege that during the Class Period, Defendants represented that Biopure

submitted a biological license application ("BLA") to the Food and Drug Administration ("FDA") on July 31, 2002 seeking approval to market the drug Hemopure in the United States to treat adult anemic patients undergoing orthopedic surgery and that in September 2002, the Company received a grant from the U.S. Department of the Army to conduct clinical trials of Hemopure for the treatment of trauma patients. In March 2003, the Company submitted a "trauma study protocol" to the FDA in connection with its plans to conduct a Phase II clinical trial of Hemopure for the treatment of trauma patients. Unbeknownst to the investing public, as early as March 2003, the FDA informed defendants that the proposed clinical trials could not go forward, citing "safety concerns" arising from adverse data submitted as part of the company's BLA to market Hemopure to orthopedic surgery patients. Plaintiffs allege that this put defendants on notice that FDA approval of the BLA, which would allow the first commercial distribution, if any, of Hemopure in the United States, was in serious jeopardy and would be delayed beyond mid-2003 as defendants had previously stated to the public.

During the Class Period, Defendants failed to disclose any of these adverse facts to the investing public, and materially misled investors concerning the commercial viability of Hemopure in the United States and the date by which marketing of Hemopure would commence, resulting in the artificial inflation in the price of Biopure's securities. Defendants were motivated to create such favorable conditions for Biopure's securities to complete two offerings of the Company's common stock during the Class Period, generating millions of dollars in proceeds and further, allowing certain Biopure insiders, including Defendants Moore and Rausch, to sell hundreds of thousands of their personally held Biopure common stock to the unsuspecting public for proceeds of over $1.6 million.

On December 24, 2003, the last day of the Class Period, after the market closed, Defendants revealed in a press release that Biopure had received a Wells Notice from the SEC, indicating the staff's preliminary decision to recommend that the commission bring civil injunctive proceedings against the Company. Defendants stated that they believed the notice was related to the Company's lack of disclosures regarding its communications with the FDA about the trauma study protocol and the BLA for Hemopure marketing. Further, defendants shocked the market when they disclosed that the FDA had halted further clinical trials of Hemopure due to safety concerns, thereby jeopardizing the marketability of the drug. Defendants also stated that they would respond to the FDA's concerns by mid-2004, thereby delaying the commercial release of Hemopure in the United States, if at all, beyond the mid-2003 target date defendants had previously stated.

## ARGUMENT

### A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Rule 42(a) provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Accord Manual for Complex Litigation (3d), § 20.123, at 13-14 (1995). See also Howard Gunty Profit Sharing Plan v. Carematrix Corp., Lead Civ. No. 99-12318-MLW, 2000 WL 33348124, at *3 (D. Mass. Aug. 15, 2000). The PSLRA also contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

"In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and

fact and defendants will not be prejudiced." Mitchell v. Complete Mgmt., Inc., No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999); Weltz v. Lee, No. 00 Civ. 3863, 2001 WL 228412, at *2 (S.D.N.Y. Mar. 7, 2001). Consolidating multi-shareholder class action suits streamlines and simplifies pre-trial and discovery motions, class action issues, clerical and administrative management duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. In Re Olsten Sec. Litig., 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); Switzenbaum v. Orbital Sciences Corp., 187 F.R.D. 246, 248 (E.D. Va. 1999).

The actions pending before this Court present similar factual and legal issues, as they allege violations of the same sections of the Exchange Act and name the Company, and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) and the PSLRA is appropriate.

### 1. The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in moving these actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

### B. THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS

#### 1. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the court to consider within 90 days all motions filed within 60 days after publication of that notice made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Section 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be

rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and they are not aware of any unique defenses that defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiffs in the Actions.

### a.  Movants Are Willing To Serve As Class Representatives

On December 30, 2003, counsel caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against, among others, Biopure, and which advised putative class members that they had until March 1, 2004 to file a motion to seek appointment as a lead plaintiff in the action.[1] Movants have reviewed one of the complaints filed in the pending actions and have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to their willingness to serve as a representative of the Class and provide testimony at deposition and trial, if necessary. See Pastor Decl., Ex. A. Accordingly, Movants satisfy the first requirement to serve as lead plaintiff for the Class. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

---

[1]  The first action against Biopure, denominated Greene v. Biopure Corp., 2003 Civ. No. 12628 (D.C. Mass.) was filed on December 30, 2003. On December 30, 2003, the Notice was published over the Business Wire. See Declaration of David Pastor ("Pastor Decl."), Ex. B.

### b. Movants Have The Largest Financial Interest In The Relief Sought In This Action

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movants submit that they have the largest financial interest of any shareholder or group of shareholders seeking to be appointed lead plaintiff. Movants suffered collective losses of $51,815.65. See Pastor Decl., Ex. A. These losses are significant enough to ensure that Movants have a sufficient financial stake to remain active participants in the action and oversee its vigorous prosecution by counsel. See Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1135-36 (C.D. Cal. 1999); In re Cendant Corp. Litig., 182 F.R.D. 144, 147-8 (D.N.J. 1998). See also House Conference Report No. 104-369, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31). Further, courts also consider it desirable to appoint individual investors, like the Movants, as lead plaintiffs since they each bring a unique perspective to the litigation. Laborers Local 1298 Pension Fund v. Campbell Soup Co., Civ. Action No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *12 (D.C.N.J., Apr. 24, 2000). Accordingly, Movants satisfy the largest financial interest requirement to be appointed as lead plaintiffs in the Actions. Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### c. Movants Satisfy The Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA provides that the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Typicality and adequacy of representation (Rules 23(a)(3) & (a)(4)) are the only provisions relevant to a determination of lead plaintiff under the PSLRA. See In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001).

The claims asserted by Movants are typical of those of the Class. Movants, like the members of the Class, purchased Biopure common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other class members and their losses result from Defendants' common course of conduct. Lernout, 138 F. Supp. at 46; In re Bank of Boston Corp. Sec. Litig., 762 F.Supp. 1525, 1532 (D.Mass.1991). Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are adequate representatives for the Class because there is no antagonism between their interests and those of the Class. Lernout, 138 F. Supp. at 46; Adair v. Sorenson, 134 F.R.D. 13, 18 (D. Mass. 1991). Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### C. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard as the proposed lead counsel for the Class and Gilman and Pastor as the proposed liaison counsel for the Class. Bernstein Liebhard and Gilman and Pastor have extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. See Pastor Decl., Exs. C and D for the firm resumes of Bernstein Liebhard and Gilman and Pastor. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel and Gilman and Pastor as liaison counsel, the Class is receiving the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movants respectfully requests that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movants as lead

plaintiffs in the captioned, and all subsequently-filed, related actions; and (3) approve Movants' selection of Bernstein Liebhard and Gilman and Pastor to represent plaintiffs and the Class.

Dated:   March 1, 2004

                GILMAN AND PASTOR, LLP

*/s/ David Pastor*
David Pastor (BBO #391000)
Peter A. Lagorio (BBO #567379)
Stonehill Corporate Center
999 Broadway Suite 500
Saugus, MA 01906
(781) 231-7850
(781) 231-7840 (facsimile)

**Liaison Counsel for Movants and
Proposed Liaison Counsel for the Class**

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Sandy A. Liebhard
Joseph R. Seidman, Jr.
10 East 40th Street, 22nd Floor
New York, NY 10016
(212) 779-1414
(212) 779-3218 (facsimile)

**Counsel for Movants and
Proposed Lead Counsel for the Class**